**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT**

| | |
|---|---|
| JOHN RAY ) | |
| ) | |
| Plaintiff ) | Case No. 3:13-CV-00046-GFVT |
| ) | |
| v. ) | |
| ) | *Electronically filed* |
| NORTH AMERICAN STAINLESS ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAITNIFF'S RESPONSE TO DEFENDANT NORTH AMERICAN
STAINLESS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

In response to Defendant, North American Stainless' (NAS) motion to dismiss Plaintiff's first amended complaint, Plaintiff offers the following:

Plaintiff, John Ray, filed his amended complaint naming NAS as the employer who engaged in disability discrimination and FMLA interference during his employment. NAS now invokes *Iqbal/Twombly* arguments to deny Ray his opportunity to pursue these claims before this Court. These arguments are unfounded and the motion should be denied.

**I.   Pleading standard**

Federal R. Civ. P. 8(a)(2) is the pleading standard. The Rule states: "A pleading that states a claim for relief must contain:...(2) a short and plain statement of the claim showing that the pleader is entitled to relief...."[1] This standard was not overruled by the Supreme Court's rulings in *Iqbal* and *Twombly*. In fact, the Court reiterated the notice

---
[1] Fed. R. Civ. P. 8(a)(2).

1

pleading standard in *Erickson v. Pardus*, stating that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'"[2]  The Sixth Circuit concurs that notice pleading remains the standard, holding that "we recognize the continuing viability of the 'short and plain' language of Federal Rule of Civil Procedure 8."[3]

When considering a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, **and draw all reasonable inferences in favor of the plaintiff**."[4]  In its analysis, the Court need only determine that the complaint "alleges facts that 'state a claim to relief that is plausible on its face' and that, if accepted as true, are sufficient to 'raise a right to relief above the speculative level.'"[5]

## II. Each of Ray's claims meets the Rule 8(a)(2) pleading standard and the guidelines of the *Iqbal/Twombly* decisions.

### A. Ray's claim that NAS failed to accommodate his disability, Type I diabetes, is pled with a sufficient factual basis.

Defendant alleges that Ray failed to plead sufficient facts to support his allegation that he is disabled as defined by the ADA because he did not plead with specificity how his diabetes substantially limits a major life activity.[6]  But Ray is entitled to not only the presumption that every factual statement he makes in his complaint is true, he is also entitled to all reasonable inferences in his favor.

Ray pled that he had Type I diabetes, a factual statement that is entitled to the presumption of truth.  In addition, he is entitled to all reasonable inferences related to

---

[2] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).
[3] *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012).
[4] *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)(emphasis added).
[5] *Id. quoting Twombly*, 550 U.S. at 555.
[6] Def. Mem. in Support of its Mot. to Dismiss at 1.

2

this factual statement. Diabetes is a unique form of disability in that it, by definition, substantially limits the functioning of a bodily system – the endocrine system. In contrast, other forms of disability, for example carpal tunnel syndrome, do not result in a readily identifiable substantial limitation. An individual with carpal tunnel syndrome might have substantial limitations in gripping, lifting, working or engaging in daily living activities. In such a case, it may be necessary to plead the substantial limitation that results from the disability to meet the requirements of Rule 8(a)(2). Recognizing the inherent differences between a chronic, inherent condition that affects a specific bodily function and conditions that do not result in a readily identifiable substantial limitation, the Americans with Disabilities Act's implementing regulations provide that "[g]iven their inherent nature, these types of impairments will, as a factual matter, virtually always be found to impose a substantial limitation on a major life activity. Therefore, with respect to these types of impairments, the necessary individualized assessment should be particularly simple and straightforward."[7]

More specific to diabetes, the regulations provide:

> Given their inherent nature, **these types of impairments will, as a factual matter, virtually always be found to impose a substantial limitation on a major life activity**. Therefore, with respect to these types of impairments, the necessary individualized assessment should be particularly simple and straightforward.
>
> …it should be easily concluded that the following types of impairments will, at a minimum, substantially limit the major life activities indicated: … **Diabetes substantially limits endocrine function**."[8]

---

[7] 29 C.F.R. 1630.2(j)(3)(ii).
[8] 29 C.F.R. 1630.2(j)(3)(iii) (emphasis added).

Despite the clarity of the regulations which specifically address diabetes as a disability in virtually all cases, Defendant argues that the complaint is deficient for failing to expressly state that Plaintiff's endocrine system is affected by the disease. But this is a reasonable inference that can be drawn from Plaintiff's allegation that he has Type I diabetes. As such, the failure to make this factual assertion explicitly does not merit dismissal of his lawsuit.

### B. Ray's claim that NAS failed to accommodate him because of his disability is also pled with a sufficient factual basis.

Defendant argues that Ray failed to "provide any factual basis for why Defendant's denial of his request for accommodation should be considered unreasonable under the circumstances."[9] Defendant argues that Ray should have provided the Court with a full explanation of straight versus rotating shifts and then explain why Defendant could not offer the accommodation he sought.[10] In fact, it is not Ray's duty to plead Defendant's defense. At trial, Ray must only show that he is disabled and he was qualified for the position with the objectively reasonable accommodation.[11] It is NAS that will bear the burden of establishing that rotating shifts are an essential function of the position or that the rotating shifts present undue hardship.[12]

Plaintiff alleged in his complaint that he had been employed by NAS since 1999 and that, subsequent to his diabetes diagnosis, he requested the reasonable accommodation of working straight shifts rather than rotating shifts. From these factual statements, which are entitled to the presumption of truth, it is reasonable to

---

[9] Def. Mem.in Support of its Mot. to Dismiss at 7.
[10] *Id.*
[11] *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 869 (6th Cir. 2007).
[12] *Id.*

4

infer that Ray had met the employer's reasonable expectations by remaining employed for 13 years and, therefore, was qualified for the position.

Further, from the factual assertion that he requested the accommodation of straight shifts, it is reasonable to infer that he made a request for an accommodation that is objectively reasonable. This inference comes directly from the ADA itself. The ADA expressly identifies potential accommodations for disabled employees:

> The term "reasonable accommodation" may include—
>
> **(A)** making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
>
> **(B)** job restructuring, part-time or **modified work schedules**, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.[13]

Defendant cites *Disano v. Greektown Casino, LLC* in support of its position that Ray has insufficiently pled his discrimination claim. But in *Disano*, the plaintiff's factual assertions were limited to an allegation that she had a medical condition unrelated to her ability to perform her duties that was a qualifying disability.[14] Ray pled a specific disability (Type I diabetes) that is expressly identified as a disability in the ADA regulations, pled a specific request for an accommodation (a shift modification) that is expressly identified as a reasonable accommodation in the ADA regulations and pled that NAS denied that accommodation. These statements provide the necessary

---

[13] 42 U.S.C. 12111(9).
[14] 2013 U.S. Dist. LEXIS 97396 at *178-18 (E.D. Mich. July 12, 2013).

short and plain statement of the claim and provide NAS with the information necessary to put it on notice as to the nature of Ray's claim.

Given that Ray need only identify an accommodation that is objectively reasonable in his complaint, the fact that he alleged a request for an accommodation that is expressly identified as a reasonable accommodation in the ADA regulations permits the Court to infer that the accommodation is objectively reasonable. This is all that is necessary under Rule 8(a) and *Iqbal/Twombly*.

> **C. Ray's claim that NAS interfered with his FMLA rights by forcing him to remain on FMLA until it ultimately terminated him, despite his ability to return to work, is a viable claim under the FMLA.**

Defendant finally argues that forcing Ray to remain on FMLA leave until his leave was exhausted and his employment was terminated does not state a claim of interference with his FMLA rights. Defendant alleges that because Ray did not ask for FMLA leave at some later date, his interference claim did not ripen into an actionable claim. This interpretation turns the facts of the case upside-down. Ray was terminated after exhausting his FMLA and not being able to return to a rotating shift schedule. Thus, despite being able to return to work, he was forced to remain out on FMLA leave until that leave was exhausted, and then he was terminated. There was no future opportunity to seek FMLA leave, because NAS terminated his employment for failing to return to work upon the exhaustion of the FMLA leave. NAS now argues that Ray had to later request an FMLA leave and be denied that leave to state a claim. But this is impossible because NAS terminated him finding that he could not return to work when his FMLA leave was exhausted. There was no subsequent opportunity to request leave.

6

In contrast, in *Hicks v. Leroy's Jewelers, Inc.*, the employee stated that she could return to work, but did not do so and, at the exhaustion of her FMLA entitlement, was still unable to return to work.[15] In *Wysong v. Dow Chemical Co.*, the employee failed to obtain return to work releases that would permit her to return to work.[16] Unlike Hicks, Ray was able to return to work with a reasonable accommodation. And unlike Wysong, he did not refuse to obtain a return to work release. Rather, he was terminated for exhausting his FMLA after being forced to remain on FMLA unnecessarily.

### III. Conclusion

Defendant's motion to dismiss Ray's amended complaint should be denied. Ray has sufficiently pled his claim that NAS failed to accommodate him when it denied his reasonable request to work straight shifts rather than rotating shifts. Ray also sufficiently pled his claim that NAS engaged in disability discrimination when it terminated his employment due to his diabetes. Finally, Ray's claim that NAS interfered with his FMLA rights when it required him to remain on FMLA leave until his leave was exhausted and then terminated his employment should not be dismissed as those allegations support a claim of interference.

---

[15] *Hicks v. LeRoy's Jewelers, Inc.*, 2000 U.S. App. LEXIS 17568 at * 9-10 (6th Cir. July 17, 2000).
[16] *Wysong v. Dow Chem. Co.,* 503 F.3d 441, 445 (6th Cir. 2007).

Respectfully submitted,

PRIDDY CUTLER MILLER & MEADE, PLLC

/s/ Michele Henry
Michele D. Henry
429 W. Muhammad Ali Blvd.
800 Republic Building
Louisville, KY 40202
Ph: (502) 587-8600
Ph (direct): (502) 632-5272
Fax: (502) 632-5273
henry@pcmmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on October 29, 2013 using the CM/ECF system and will be served upon the following through the operation of that system:

Wendy Bryant Becker
Alexis Kasacavage
Bingham Greenbaum Doll, LLP
300 West Vine Street, Suite 1100
Lexington, KY 40507

/s/ Michele Henry
Attorney for Plaintiff