**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| JOHN RAY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-CV-00046-GFVT |
| | ) | |
| v. | ) | |
| | ) | *Electronically filed* |
| NORTH AMERICAN STAINLESS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff John Ray, by counsel, for his second amended complaint, states as follows:

**JURISDICTION & VENUE**

1.    Plaintiff John Ray is a resident of Madison, Indiana.

2.    Defendant North American Stainless (NAS) is the assumed name of a general partnership between Stainless Steel Invest, Inc. and Stainless Alloys, Inc.  NAS operates a facility in Ghent, Carroll County, Kentucky.

3.    The actions complained of herein and decisions regarding Ray's employment with NAS occurred in Ghent, Carroll County, Kentucky.

4.    This Court has jurisdiction over this action pursuant to the provisions of Americans with Disabilities Act, as amended, specifically 42 U.S.C. §12117 and 42 U.S.C. §2000e-5(f) and the Family and Medical Leave Act (FMLA), specifically, 29 U.S.C. §2617.

5.    Venue is proper in the Eastern District of Kentucky under 28 U.S.C. §1391(b) because the Defendant's unlawful practices were committed in this District.

6.    Ray filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.

7.   The Equal Employment Opportunity Commission issued a Notice of Rights on May 2, 2013 which is attached as Exhibit A.  Plaintiff received the Notice of Rights shortly after it was issued and originally filed this action within 90 days of the date of issuance.

## PARTIES

8.   At all times relevant to this Complaint, Ray was an employee of Defendant NAS as that term is defined by 42 U.S.C. §12111(4) and 29 U.S.C. §2611(2).

    a.   Specifically, Ray was an individual employed by NAS at the times relevant to this Complaint.  He reported to work at NAS' facility and earned wages for the work he completed at the facility.

    b.   In addition, Ray was employed by NAS for over 12 months prior to his FMLA leave and worked over 1,250 hours for NAS during the 12 months preceding his leave.

9.   Defendant NAS is an employer as that term is defined by 42 U.S.C. §12111(5) and 29 U.S.C. §2611(4).

    a.   Specifically, NAS employed 15 or more individuals for each working day in each of 20 or more calendar weeks in calendar years 2013, 2012 and 2011.

    b.   In addition, NAS employed more than 50 employees for each working day during each of 20 or more calendar workweeks in 2013, 2012 and 2011.

## FACTS

10.   Ray was hired by NAS in May 1999 and, at the time of his termination, held the position of Backup Turn Leader.

11.   In this position, Ray worked rotating shifts, that is, he worked day shifts and night shifts on a rotating basis.

12.   In May 2012, Ray was diagnosed with Type I diabetes.  Type I diabetes is a medical condition in which the body produces little or no insulin, an essential hormone in humans.

13.   Ray took a leave of absence pursuant to the FMLA to address this medical issue. During this leave, he worked with medical professionals to determine an appropriate course of treatment, including a drug treatment regimen.

14.   Ray's diabetes substantially limits the functioning of his endocrinal system to the degree that he is required to take medication on a daily basis to maintain the functioning of that system.  Ray's diabetes cannot be controlled absent medication.

15.   Ray was able to return to work on May 12, 2012 with an accommodation of working daytime straight shifts rather than rotating shifts, that is a regular day shift schedule that did not require him to work the night shift.

16.   NAS management informed Ray that his request to work straight shifts rather than rotating shifts could be accommodated.

17.   Despite this initial approval of the request, NAS subsequently denied Ray this reasonable accommodation and forced him to remain off work until he exhausted his FMLA leave.

18.   NAS continued to refuse Ray the reasonable accommodation he requested and he remained off work.

19.   On September 28, 2012, NAS terminated Ray's employment because he was unable to work rotating shifts and had exhausted his FMLA entitlement.  At the time of his termination Ray was able to return to work.

20.   Ray's Type I diabetes renders him an individual with a disability as that term is defined by the Americans with Disabilities Act, 42 U.S.C. §12102(1).

21.   NAS was aware of Ray's condition as he disclosed it to the Company when he requested a reasonable accommodation.

22.   With the accommodation of working straight, non-rotating, shifts, Ray was able to perform the essential functions of his position.  Thus, Ray was a qualified individual as defined by 42 U.S.C. §12111(8).

**CLAIMS**

23.   Defendant NAS engaged in disability discrimination in violation of 42 U.S.C. §12112 by denying Ray a reasonable accommodation and terminating his employment.

24.   Ray is entitled to affirmative action, including compensation for lost wages and benefits, punitive damages and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

25.   In addition, as a result of the actions described above, Ray has experienced emotional distress for which he is entitled to compensatory damages.

26.   Ray was able to return to work, but NAS refused to allow him to do so in May 2012.  NAS ultimately terminated Ray upon exhaustion of his FMLA entitlement.

27. NAS's insistence that Ray continue to use FMLA leave when he no longer required the leave and the termination of Ray's employment when his FMLA entitlement was exhausted despite his ability to return to work constitutes interference with his exercise of his FMLA rights in violation of 29 U.S.C. §2615.

28. Ray is entitled to lost wages and benefits incurred due to NAS' demand that he continue on FMLA leave after he was able to return to work and NAS' termination of Ray's employment upon exhaustion of his FMLA leave.  He is further entitled to interest and liquidated damages as well as equitable relief as this Court deems appropriate under 29 U.S.C. §2617.

WHEREFORE, Plaintiff, by counsel, seeks judgment in his favor including:

1. Trial by jury;
2. Compensatory damages;
3. Punitive damages;
4. Liquidated damages;
5. Attorney fees and costs;
6. Equitable relief including but not limited to reinstatement; and,
7. All other relief to which the Plaintiff is entitled.

Respectfully submitted,

PRIDDY CUTLER MILLER & MEADE, PLLC

/s/ Michele Henry
Michele D. Henry
429 W. Muhammad Ali Blvd.
800 Republic Building
Louisville, KY 40202
Ph:  (502) 587-8600
Ph (direct):  (502) 632-5272
Fax:  (502) 632-5273
henry@pcmmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on November 8, 2013 using the CM/ECF system and will be served upon the following through the operation of that system:

> Wendy Bryant Becker
> Alexis Kasacavage
> Bingham Greenbaum Doll, LLP
> 300 West Vine Street, Suite 1100
> Lexington, KY  40507

/s/ Michele Henry<br>Attorney for Plaintiff